**YTURRIA TOWN & IMPROVEMENT CO., Inc., v. RAMIREZ et al.   (No. 7728.)**

(Court of Civil Appeals of Texas.   San Antonio. March 9, 1927.)

**1. Appeal and error ☜760(2)—Appellate court need not search entire statement of facts for testimony.**

Appellate court is not required to search entire statement of facts for testimony not pointed out by appellant.

**2. Costs ☜32(3)—Taxing costs against plaintiff, in absence of disclaimer by defendants as to lands recovered by plaintiff, was error.**

In trespass to try title, taxation of costs against plaintiff, in absence of disclaimer by defendants as to part of lands recovered by plaintiff, was erroneous.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit by the Yturria Town & Improvement Company, Inc., against Nicanos Ramirez and others. From a judgment for defendants in part, plaintiff appeals. Reformed and affirmed.

Rabel & Hornaday, of Harlingen, and Ed Yarbrough, of Edinburg, for appellant.

Roy Buckley, of Mission, for appellees.

SMITH, J. The suit involves the title to a parcel of land in the town of Sam Fordyce, in Hidalgo county, and was brought by appellant, the record owner, in the form of trespass to try title. Appellee defeated the action upon a plea of title by limitation, and appellant challenges the judgment as being contrary to and unsupported by the evidence.

It is not deemed necessary to set out the testimony, which, although somewhat vague in some aspects, is sufficient to support the judgment, which embraces a specific finding in support of appellees' plea of 10 years' limitation. Upon this conclusion we overrule appellant's first and second assignments of error.

[1] Appellant contends in its third assignment of error that the pleadings and evidence did not sufficiently describe the land recovered, by metes and bounds. The pleadings are sufficient for this purpose but appellant does not point out the testimony upon that issue, and we have no means of determining the question presented except by searching the entire statement of facts without aid from the complaining party, which we are not required to do.

[2] Appellant sued to recover certain lands of appellees, and in fact recovered for a part of those lands, to which appellees established

no claim. And although appellees did not disclaim as to those lands recovered by appellant, the trial court nevertheless taxed the costs of the suit against the latter. In its motion for new trial, seasonably filed and urged in the court below, appellant complained of this ruling, and has prosecuted its complaint in its fourth proposition presented in this court. The action of the court in taxing the costs against appellant in the absence of a disclaimer by appellees as to the lands recovered by appellant constituted error. Dutton v. Thompson, 85 Tex. 115, 19 S. W. 1026. Accordingly, the judgment of the trial court will be reformed so as to tax the costs in that court against appellees, and as so reformed will be affirmed, at the cost of appellees.

Reformed and affirmed.

---

**JONES et ux. v. HERRING et al.   (No. 2012.)**

(Court of Civil Appeals of Texas.   El Paso. Feb. 24, 1927.)

**Appeal and error ☜101(1)—In absence of statute authorizing appeal from order refusing to appoint receiver, appeal from such order will be dismissed (Rev. St. 1925, art. 2250).**

Rev. St. 1925, art. 2250, authorizes appeal from interlocutory order appointing a receiver, but, in absence of a statute authorizing an appeal from an order refusing to appoint a receiver, such an appeal was dismissed.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Proceeding between J. G. Jones and wife and M. M. Herring and others. From an order denying an application for the appointment of a receiver pendente lite, J. G. Jones appeals. Appeal dismissed.

W. F. Robertson, of Dallas, for appellant.

Burgess, Owsley, Storey & Stewart, of Dallas, for appellees.

HIGGINS, J. This is an attempted appeal from an order denying an application for the appointment of a receiver pendente lite of certain property in litigation between the parties. Article 2250, R. S., authorizes an appeal from an interlocutory order appointing a receiver or overruling a motion to vacate an order appointing a receiver. We know of no statute authorizing an appeal from an order refusing to appoint a receiver.

Appellees' motion to dismiss the appeal will be granted.

Appeal dismissed.